Beth S. Rose, Esq.
Vincent Lodato, Esq.
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, NJ 07102
Phone: (973) 643-7000
Facsimile: (973) 643-6500

*Attorneys for Defendant*
*Amazon.com, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAVID WALINGER,** | ) |
| | ) **Civil Action No:** _____ |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **ANCHEER, ANCHEER ELECTRIC** | ) |
| **BIKES, SOSPERS, AMAZON.COM, INC.,** | ) |
| **JOHN DOE 1-5 (fictitious defendants); XYZ** | ) |
| **PARTNERSHIPS 1-5, XYZ LLCs 1-5, and** | ) |
| **XYZ CORPORATIONS 1-5 (fictitious** | ) |
| **corporate defendants),** | ) |
| | ) |
| **Defendants.** | ) |

## NOTICE OF REMOVAL

Defendant Amazon.com, Inc. ("Amazon") gives notice of the removal of this civil action from the New Jersey Superior Court, Law Division, Ocean County, to the United States District Court for the District of New Jersey, Trenton Vicinage pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Diversity jurisdiction exists because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

## I.     INTRODUCTION

In this lawsuit, Plaintiff David Walinger alleges that he suffered personal injuries while using an Ancheer Power Plus Electric Mountain Bike. Plaintiff's Complaint alleges that

Defendants Ancheer and Ancheer Electric Bikes (collectively "Ancheer") manufactured, produced, designed, and distributed the bike at issue. The Complaint further alleges that Plaintiff purchased the bike from a third-party seller named Sospers through Amazon's website.

On January 22, 2021, Plaintiff filed this civil action captioned *David Walinger v. Ancheer, et al.*, Docket No. OCN-L-000199-21 ("State Court Action") in the New Jersey Superior Court, Law Division, Ocean County. A copy of the Complaint is attached hereto as Exhibit A. The Complaint asserts a single cause of action under the New Jersey Product Liability Act.

## II.    THIS CASE IS REMOVABLE UNDER DIVERSITY JURISDICTION

This action is removable under 28 U.S.C. § 1441 because this Court would have had original jurisdiction under 28 U.S.C. § 1332 had Plaintiff filed this action initially in federal court. Plaintiff is not a citizen of the same state as any of the defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### a.    Complete diversity exists

Plaintiff is a resident and citizen of the State of New Jersey. (Compl. ¶ 1). Most of the defendants are corporations. A corporation's "principal place of business" means the "actual center of direction, control, and coordination." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). One of the defendants is an unincorporated foreign entity which requires a determination whether the characteristics of the foreign entity are similar enough to those of a U.S. corporation to make "corporation" the correct translation into English for purposes of assessing the citizenship of that entity. *See Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737, 743 (7th Cir. 2004).

Defendant Amazon.com, Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business in Seattle, Washington.  (Ex B, Compl. ¶ 7).  Therefore, Amazon is a citizen of Delaware and Washington.

Ancheer and Ancheer Electric Bikes are trade names for Linemart, Inc. ("Linemart").  Linemart is a California corporation with its principal place of business in California.  Linemart is therefore a citizen of California.

Sospers is a trade name used by Shenzhen Guangfeitong E-Commerce Co., Ltd. to sell products through Amazon's website.  Shenzhen Guangfeitong E-Commerce Co., Ltd. is a Chinese company formed and existing under the laws of China with its principal place of business in Shenzhen City of Guangdong Province, China.  Though it is a foreign entity, Shenzhen Guangfeitong E-Commerce Co., Ltd. is akin to a U.S. corporation for purposes of assessing diversity jurisdiction under 28 U.S.C. § 1332 due to the alienability of its shares and its shareholder structure.  *See Fellowes, Inc. v. Changzhou Xinrui Fellowes Office Equipment Co. Ltd.*, 759 F.3d 787, 788 (7th Cir. 2014).  Accordingly, Sospers is a citizen of China.

Because Plaintiff is a citizen of a different state than each of the defendants, complete diversity exists.

### b.    The amount in controversy exceeds $75,000

Under 28 U.S.C. 1446(c)(2)(B), removal is appropriate if the court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000.  In personal injury cases, where plaintiff has not averred a specific amount of damages in the Complaint, the $75,000 jurisdictional amount is met unless it is a legal certainty that plaintiff cannot recover the jurisdictional minimum.  *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007).  Here, the Complaint alleges that Plaintiff suffered personal injuries as a result of defects in the bike on two

separate occasions on June 28, 2020 and July 28, 2020.  (Compl. ¶ 2).  The Complaint describes Plaintiff's injuries as "severe" and "permanent," and states that Plaintiff has suffered severe pain, discomfort, restrictions, and embarrassment, and will require future medical treatment.  (*Id.* at ¶ 5).

Although Plaintiff's Complaint does not demand a specific dollar amount in damages, the preponderance of evidence demonstrates that the matter in controversy exceeds $75,000.  Given the allegations in the Complaint that Plaintiff sustained severe and permanent injuries, which require future medical treatment, it is not a legal certainty that Plaintiff's recovery will not exceed $75,000.  *See Morales v. Family Dollar, Inc.*, 2018 U.S. Dist. LEXIS 130030, at *8 (D.N.J. Aug. 2, 2018) (there is no legal certainty that plaintiff cannot recover the jurisdictional minimum where plaintiff alleges severe and permanent injuries); *Amadu v. Bradshaw*, 2016 U.S. Dist. LEXIS 89293, at *9-10 (D.N.J. July 11, 2016) (allegations in the Complaint that the plaintiff sustained severe personal injuries which interfered with his daily activities and required ongoing medical treatment is sufficient to demonstrate that the amount in controversy is likely to exceed $75,000); *Dugan v. Acme Markets, Inc.*, 2016 U.S. Dist. LEXIS 6838, at *3 (D.N.J. Jan. 21, 2016) ("personal injury cases alleging severe and permanent injuries will be removable absent proof to a legal certainty that the amount in controversy cannot exceed $75,000").  Because it cannot be said to a legal certainty that Plaintiff's recovery will not exceed the jurisdictional minimum, removal is appropriate.

## III.        SERVICE OF COMPLAINT AND TIMELINESS OF REMOVAL

Amazon was served with the Summons and Complaint through its registered agent for service of process on January 28, 2021.  Upon information and belief, Sospers has not yet been served with the Summons and Complaint.  To date, Plaintiffs' counsel had not filed an Affidavit

of Service in the New Jersey Superior Court indicating that Sospers was served with service of process.  (Ex. C).  Because Sospers has not been served, it "need not consent to removal." *Brown v. Jevic*, 575 F.3d 322, 327 (3d Cir. 2009).  Ancheer and Ancheer Electric Bikes have consented and joined in this removal.  (Ex. D).

Moreover, this Notice of Removal is being filed within 30 days of Amazon being served with the Summons and Complaint.  Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

## IV.    VENUE OF REMOVED ACTION

The United States District Court for the District of New Jersey, Trenton Vicinage is the United States District Court and vicinage embracing the New Jersey Superior Court, Ocean County where this action was filed and is pending.  Therefore, venue is proper in the United States District Court for the District of New Jersey, Trenton Vicinage under 28 U.S.C. § 1441(a).

## V.    NOTICE TO THE STATE COURT

A copy of this Notice of Removal is being contemporaneously served on all parties and filed with the New Jersey Superior Court, Law Division, Ocean County, where this case was originally filed and is currently pending.

## VI.    NON-WAIVER OF DEFENSES

Amazon expressly reserves all of its defenses.  By removing the action to this Court, Amazon does not waive any rights or defenses available under federal or state law.  Amazon expressly reserves the right to move for dismissal of the Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.  Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim against Amazon or have any substantive merit.

Undersigned counsel states that this removal is well grounded in fact, warranted by existing law, and not interposed for an improper purpose.

WHEREFORE, Defendant Amazon respectfully requests that this action be removed to the United States District Court for the District of New Jersey, Trenton Vicinage and that no further proceedings be held in the New Jersey Superior Court, Law Division, Ocean County.

Dated: March 1, 2021                                Respectfully submitted,

*s/ Beth S. Rose*
Beth S. Rose
Vincent Lodato
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, NJ 07102
Telephone: (973)643-7000
Facsimile: (973)643-6500
brose@sillscummis.com
vlodato@sillscummis.com

*Attorneys for Defendant
Amazon.com, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2021, I caused a copy of Defendant Amazon's Notice of

Removal to be served via e-mail on the following counsel:

David T. Wright, Esq.
The Wright Law Firm, LLC
928 N. Main Street
Manahawkin, NJ 08050

John J. Jacko III, Esq.
Leech Tishman Fuscaldo & Lampi, LLC
1949 Berlin Road, Suite 201
Cherry Hill, NJ 08003

I certify that the foregoing statements made by me are true.  I am aware that if any of the

foregoing statements made by me are willfully false I am subject to punishment.

*s/ Beth S. Rose*
BETH S. ROSE

Dated:  March 1, 2021

EXHIBIT A

The Wright Law Firm, LLC
928 North Main Street
Manahawkin, NJ 08050
(p) 609.759.2500
(f) 609.479.2777
david@njlegaladvice.com
David T. Wright, Esq., Attorney ID# 900672012
Attorney for Plaintiff David Walinger

| | |
|---|---|
| *DAVID WALINGER,* | SUPERIOR COURT OF NEW JERSEY |
| *Plaintiff,* | OCEAN COUNTY |
| | LAW DIVISION |
| *vs.* | |
| | DOCKET NO.: OCN-L- 199-21 |
| *ANCHEER, ANCHEER ELECTRIC BIKES, SOSPERS, AMAZON, INC., JOHN DOES 1-10 (fictitious defendants), ABC PARTNERSHIPS 1-10, ABC LLCs 1-10, and ABC CORPORATIONS 1-10 (fictitious corporate defendants),* | CIVIL ACTION |
| | **Complaint** |
| *Defendant.* | |

Plaintiff, by way of Complaint against Defendant says:

## PARTIES – PLAINTIFF

1. Plaintiff, David Walinger, resides in the city of Manahawkin, County of Ocean, State of New Jersey.

2. Plaintiff was severely and permanently injured on June 28, 2020 and July 28, 2020 when he was using a product, namely an electric bicycle (ANCHEER Power Plus Electric Mountain Bike, 26" Electric Bike with Removable 36V 8Ah Lithium Ion Batter, 21 speed Shifter (Black) (ASIN: B01AU7KWXC), hereinafter referred to as "the product," "the bike," "the bicycle," "the electric bike," or "the electric bicycle") manufactured, sold, designed, merchandised, advertised, installed, constructed, leased, supplied, distributed, or otherwise produced by Defendant(s).

3. For the reasons set forth herein, the electric bicycle that Plaintiff used was dangerously defective in design or manufacture or otherwise lacked adequate warning, and such defects caused Plaintiff's injuries.

4. Plaintiff has suffered and continues to suffer severe pain, discomfort, restrictions, and/or embarrassment in her day to day life as a result of her injuries.

5. Plaintiff will continue to suffer this severe pain, discomfort, restrictions, and/or embarrassment and require medical treatment well into the future.

## PARTIES – DEFENDANTS

6. Defendants Ancheer and/or Ancheer Electric Bikes is an individual or entity residing or doing business at 1565 Salt Lake Avenue, City of Industry, California and was engaged in the business of manufacturing, selling, designing, merchandising, advertising, installing, constructing, leasing, supplying, distributing, or otherwise producing the electric bicycle, which caused Plaintiff's injury.

7. Defendants Amazon, LLC is an individual or entity residing or doing business at 2111 7th Avenue, Seattle, Washington and was engaged in the business of manufacturing, selling, designing, merchandising, advertising, installing, constructing, leasing, supplying, distributing, or otherwise producing the electric bicycle, which caused Plaintiff's injury.

8. Defendant Sospers is an individual or entity residing or doing business at through the use of Amazon's Marketplace and was engaged in the business of manufacturing, selling, designing, merchandising, advertising, installing, constructing, leasing, supplying, distributing, or otherwise producing the electric bicycle, which caused Plaintiff's injury.

9. Upon information and belief Defendant Sospers is a fully or partially owned subsidiary or agent or employee or otherwise a representative of Defendants Amazon, LLC, Ancheer, and/or Ancheer Electric Bikes or a d/b/a, a/k/a, t/a of Defendants Ancheer and/or Ancheer Electric Bikes.

10. At all times material hereto, defendants John and Jane Does 1-10, ABC Partnerships 1-10, ABC LLCs 1-10, ABC Corporations 1-10 (fictitious-name designations of one or more individuals, partnerships, corporations, and/or other entities whose actual identities have yet to be determined) were employees or agents of defendants or other individuals whose scope of employment or contractual responsibilities included manufacturing, selling, designing,

merchandising, advertising, installing, constructing, leasing, supplying, distributing, or otherwise producing the electric bicycle and/or its component parts which caused Plaintiff's injury.

## COUNT ONE – STRICT PRODUCTS LIABILITY

11. Plaintiffs repeat and reallege each and every averment and allegation set forth in the foregoing sections of this Complaint as though set forth at length herein.

12. Defendants, at all times relevant hereto, acted through their respective officers, employees and agents, who in turn were acting within the scope of their authority and employment in furtherance of the business of defendants.

13. On June 28, 2020 and July 28, 2020, plaintiff was injured by an electric bicycle manufactured, sold, designed, merchandised, advertised, installed, constructed, leased, supplied, distributed, or otherwise produced, directly or indirectly, by Defendant.

14. The products manufactured, sold, designed, merchandised, advertised, installed, constructed, leased, supplied, distributed, or otherwise produced by defendants were defective in their inadequate warnings causing the products to be dangerous and defective thereby making them unsafe for their intended use.

15. The products were defective because they were not reasonably suitable for their intended purpose and were unreasonably dangerous because the wheel became dislodged causing serious and permanent injury and/or disfigurement.

16. Defendants foresaw, or should have foreseen, that their products would reach users of their products in the same condition in which they were placed into the stream of commerce.

17. Plaintiff was unaware of the dangerous and defective nature of the products manufactured, sold, designed, merchandised, advertised, installed, constructed, leased, supplied, distributed, or otherwise produced by defendants.

18. The utility of the products manufactured, sold, designed, merchandised, advertised, installed, constructed, leased, supplied, distributed, or otherwise produced by defendants was outweighed by the risks associated with the products.

19. During all relevant time periods, Plaintiff used the products manufactured, sold, designed, merchandised, advertised, installed, constructed, leased, supplied, distributed, or otherwise produced by defendants in their intended manner.

20. During all relevant time periods, Plaintiff was a foreseeable and intended user of the products manufactured, sold, designed, merchandised, advertised, installed, constructed, leased, supplied, distributed, or otherwise produced by defendants.

21. The failure of defendants to properly manufacture, sell, design, merchandise, advertise, installed, constructed, lease, supply, distribute, or otherwise produce their products and provide adequate warnings proximately caused the injuries and damages sustained by Plaintiff.

22. As a direct and proximate result of Plaintiff's exposure to the product manufactured, sold, designed, merchandised, advertised, installed, constructed, leased, supplied, distributed, or otherwise produced by defendants, Plaintiff has been injured and continues to suffer from her injuries.

23. Defendants and fictitious defendants 1-10, as the manufacturers, sellers, designers, merchandisers, advertisers, installers, constructors, lessors, suppliers, distributors, or otherwise producers of the products to which plaintiff was exposed are therefore strictly liable in tort to plaintiff.

*WHEREFORE*, Plaintiff demands judgment, including compensatory and punitive damages against defendants and fictitious defendants jointly and severally, with interest, attorneys fees and costs of suit as provided by law.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of R. 4:25-4, the court is advised that DAVID T. WRIGHT, ESQ. is hereby designated as trial counsel.

## JURY DEMAND

Take notice that Plaintiffs demand a trial by jury on all issues in the within civil action.

## CERTIFICATION

I CERTIFY that the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that no other parties should be joined in this action. R. 4:5-1.

/s/David T. Wright, Esq.

David T. Wright, Esq.
Attorney for Plaintiff
Dated: January 22, 2021

## DEMAND FOR PRODUCTION OF DOCUMENTS

**PLEASE TAKE NOTICE** that pursuant to R.4:18-1, Plaintiff demands the production for purposes of inspection and copying at the offices of The Wright Law Firm, LLC, 928 North Main Street, Manahawkin, New Jersey, 08050, within 45 days after service of the within pleadings, of the following items pertaining to the allegations of this Complaint.

1. A copy of any accident report, incident report or other documentation prepared by any agents, servants or employees of the defendants contemporaneously with the accident which is the subject matter of this complaint or any prior or subsequent accidents that occurred as a result of use of the electric bike in question.

2. All insurance agreements and policies maintained by defendants effective on the date of the plaintiff's injury as alleged in the complaint in accordance with Rule 4:10-2(b).

3. Copies of any and all photographs, surveys, sketches, diagrams, blueprints or any other documentary evidence concerning the product as it appeared on the date of plaintiff's injury as alleged in the complaint.

4. Copies of any and all statements of any party to this lawsuit, or their agents, servants and employees.

5. Copies of any and all labels for component parts used to construct the bicycle in question.

6. Copies of any statements by eyewitnesses to the accident.

7. Copies of any and all expert reports on the issue of liability or damages.

8. The names, addresses and current telephone numbers of all guests, agents, servants and employee of the defendants who were present at or near the premises at the time of the accident.

9. Copies of any and all photographs, videotapes, recordings, or any other documentary evidence of the plaintiff and plaintiff's accident whenever recorded since the date of the injury as set forth in the complaint, including, but not limited to, security videotapes of the premises depicting the actual incident.

10. Any and all documents relating to any inspection or investigation performed regarding the product.

11. Any and all safety manuals, posters, educational material (including videos and outlines).

12. Certified copies of any and all contracts, agreements, leases, and/or any other document evidencing a business relationship between or among defendants.

### DEMAND FOR ENTRY UPON PREMISES FOR INSPECTION

**PLEASE TAKE NOTICE** that Plaintiff demands an opportunity to enter upon the premises of the defendants as set forth in the complaint to inspect, photograph, and otherwise examine the premises, and other things relevant to this litigation, in accordance with $\underline{R}$.4:18-1.

### DEMAND FOR ANSWERS TO FORM C AND C2 UNIFORM INTERROGATIES AND SUPPLEMENTAL INTERROGATORIES

**PLEASE TAKE NOTICE** that pursuant to $\underline{R}$:4:17-1(b)(ii) Plaintiff(s) demands certified answers to Form C, C(2), and C(4) (as applicable) of the Uniform Interrogatories set forth in Appendix to the Rules Governing Civil Practice and the following supplemental interrogatories:

1. Identify the component parts used to construct the bicycle in question along with any person or entity involved in the manufacture, distribution, installation, design, or sale thereof.

2. Enumerate specifically all of the things you contend the party serving these interrogatories did that not should not have been done.

3. Enumerate specifically all of the things you contend the party serving theses interrogatories did not do which should have been done.

4. If this defendant contends in any way that the injuries claimed by Plaintiff to have been caused by this incident were in fact not caused or in any way related to this incident, state fully and in detail each and every fact upon which defendant will rely in support of said contention. Annex hereto copies of any and all medical records or other documents which defendant will rely in support of said contention.

5. If defendant contends that Plaintiff sustained physical injuries at any time prior or subsequent to the subject accident, please state the date and nature of said injuries.

6. State whether there have been any other complaints about the product in question within the last ten (10) years.

7. State whether or not you have been a defendant in a lawsuit in the past ten years and provide copies of all complaints.

8. Provide the name and address of any person who claims to have been injured by the product in question.

9. Identify, along with addresses, any potentially liable party not presently named in this action.

## DEMAND FOR INSURANCE INFORMATION

**PLEASE TAKE NOTICE** that pursuant to R4:10-2(b), Plaintiff hereby demands production of a copy of any and all insurance agreements under which the defendants may be covered to satisfy part or all of a judgment which may be entered in the action or to indemnity or reimburse for payments made to satisfy the judgment.

*/s/David T. Wright, Esq.*

David T. Wright, Esq.
Attorney for Plaintiff
Dated: January 22, 2021

EXHIBIT B

Delaware.gov                                                    Governor | General Assembly | Courts | Elected Officials | State Agencies

Department of State: Division of Corporations

Allowable Characters

HOME

                                                    Entity Details

                                    **THIS IS NOT A STATEMENT OF GOOD STANDING**

File Number:            **2620453**        Incorporation Date /    **5/28/1996**
                                           Formation Date:         (mm/dd/yyyy)

Entity Name:            **AMAZON.COM, INC.**

Entity Kind:            **Corporation**            Entity Type:    **General**

Residency:              **Domestic**               State:          **DELAWARE**

**REGISTERED AGENT INFORMATION**

Name:                   **CORPORATION SERVICE COMPANY**

Address:                **251 LITTLE FALLS DRIVE**

City:                   **WILMINGTON**             County:         **New Castle**

State:                  **DE**                     Postal Code:    **19808**

Phone:                  **302-636-5401**

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or
more detailed information including current franchise tax assessment, current filing history
and more for a fee of $20.00.
Would you like ○ Status  ○ Status,Tax & History Information

[ Submit ]

[ View Search Results ]                    [ New Entity Search ]

For help on a particular field click on the Field Tag to take you to the help area.

                 site map   |   privacy   |   about this site   |   contact us   |   translate   |   delaware.gov

EXHIBIT C

## Case Summary

**Case Number:** OCN L-000199-21

**Case Caption:** Walinger David Vs Ancheer

| | | |
|---|---|---|
| **Court:** Civil Part | **Venue:** Ocean | **Case Initiation Date:** 01/22/2021 |
| **Case Type:** Product Liability | **Case Status:** Active | **Jury Demand:** 6 Jurors |
| **Case Track:** 3 | **Judge:** James Den Uyl | **Team:** 2 |
| **Original Discovery End Date:** | **Current Discovery End Date:** | **# of DED Extensions:** 0 |
| **Original Arbitration Date:** | **Current Arbitration Date:** | **# of Arb Adjournments:** 0 |
| **Original Trial Date:** | **Current Trial Date:** | **# of Trial Date Adjournments:** 0 |
| **Disposition Date:** | **Case Disposition:** Open | **Statewide Lien:** |

**Plaintiffs**
**David  Walinger**

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** David Thomas Wright |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** 900672012 |
| **City:**      **State:** NJ | **Zip:** 00000 | **Phone:** |

**Attorney Email:** DAVID@NJLEGALADVICE.COM

**Defendants**
**Ancheer Electric Bikes**

| | | |
|---|---|---|
| **Party Description:** Business | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:**      **State:** NJ | **Zip:** 00000 | **Phone:** |

**Attorney Email:**

**Ancheer**

| | | |
|---|---|---|
| **Party Description:** Business | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:**      **State:** NJ | **Zip:** 00000 | **Phone:** |

**Attorney Email:**

**0  Abc Partnerships 1-1**

| | | |
|---|---|---|
| **Party Description:** Fictitious | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:**      **State:** NJ | **Zip:** 00000 | **Phone:** |

**Attorney Email:**

**John Does 1-10**

| | | |
|---|---|---|
| **Party Description:** Fictitious | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:**      **State:** NJ | **Zip:** 00000 | **Phone:** |

**Attorney Email:**

**Amazon, Inc.**

| | | |
|---|---|---|
| **Party Description:** Business | | **Attorney Name:** |
| **Address Line 1:** 100 Charles Ewing Blvd | **Address Line 2:** Suite 160 | **Attorney Bar ID:** |
| **City:** Ewing     **State:** NJ | **Zip:** 08638 | **Phone:** |

**Attorney Email:**

**Sospers**

| | | |
|---|---|---|
| **Party Description:** Business | | **Attorney Name:** |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** |
| **City:**      **State:** NJ | **Zip:** 00000 | **Phone:** |

**Attorney Email:**

**0  Abc Corporations 1-1**

**Party Description:** Fictitious

| | | | |
|---|---|---|---|
| **Address Line 1:** | | **Address Line 2:** | **Attorney Name:** |
| | | | **Attorney Bar ID:** |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | | |

**Abc Llcs 1-10**

**Party Description:** Fictitious

| | | | |
|---|---|---|---|
| **Address Line 1:** | | **Address Line 2:** | **Attorney Name:** |
| | | | **Attorney Bar ID:** |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | | |

**Case Actions**

| Filed Date | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|
| 01/22/2021 | Complaint with Jury Demand for OCN-L-000199-21 submitted by WRIGHT, DAVID THOMAS, THE WRIGHT LAW FIRM on behalf of DAVID WALINGER against ANCHEER, ANCHEER ELECTRIC BIKES, SOSPERS, AMAZON, INC., JOHN DOES 1-10 ET AL. | LCV2021173326 | 01/22/2021 |
| 01/23/2021 | TRACK ASSIGNMENT Notice submitted by Case Management | LCV2021177164 | 01/23/2021 |
| 02/22/2021 | PROOF OF SERVICE submitted by WRIGHT, WILLIAM, D of THE WRIGHT LAW FIRM on behalf of DAVID  WALINGER against AMAZON, INC. | LCV2021405257 | 02/22/2021 |

EXHIBIT D

**LEECH TISHMAN FUSCALDO & LAMPL, LLC**
John J. Jacko III, Esquire
Attorney ID No. 17641992
1949 Berlin Road, Suite 201
Cherry Hill, NJ 08003
Tel: 856.888.3880
Fax: 856.888.3881
jjacko@leechtishman.com

*Attorneys for Defendants*
*Ancheer, Ancheer Electric Bike and Sospers*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DAVID WALINGER,** | ) |
| | ) **Civil Action No: _____** |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **ANCHEER, ANCHEER ELECTRIC** | ) |
| **BIKES, SOSPERS, AMAZON.COM, INC.,** | ) |
| **JOHN DOE 1-5 (fictitious defendants); XYZ** | ) |
| **PARTNERSHIPS 1-5, XYZ LLCs 1-5, and** | ) |
| **XYZ CORPORATIONS 1-5 (fictitious** | ) |
| **corporate defendants),** | ) |
| | ) |
| **Defendants.** | ) |

**JOINDER AND CONSENT TO REMOVAL**

Defendants, ANCHEER and ANCHEER ELECTRIC BIKE, by their undersigned counsel, hereby consent to and join in the Notice of Removal filed by Defendant Amazon.com, Inc. and the removal of the case entitled *David Walinger v. Ancheer, et al.*, New Jersey Superior Court, Ocean County, Docket No. OCN-L-000199-21 to the United States District Court for the District of New Jersey, Trenton Vicinage. By consenting to and joining in the removal, Ancheer and Acnheer Electric Bike do not waive any rights or defenses available under federal or state law.

Dated: March 1, 2021

By: _____

John J. Jacko III, Esquire
Attorney ID No. 17641992
**LEECH TISHMAN FUSCALDO & LAMPL, LLC**
1949 Berlin Road, Suite 201
Cherry Hill, NJ 08003
Tel: 856.888.3880
Fax: 856.888.3881
jjacko@leechtishman.com

*Attorneys for Defendants,*
*Ancheer, Ancheer Electric Bike and Sospers*